UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | **ORDER OF RESTITUTION** |
| | : | |
| KELVIN JONES | : | Cr. No. 10-00366-001 (WHW) |
| DANNY BANNOUT | : | Cr. No. 10-00366-002 (WHW) |
| ANSELMO JIMENES | : | Cr. No. 10-00366-003 (WHW) |
| LUIS REYES | : | Cr. No. 10-00366-004 (WHW) |
| BRIAN CHECO | : | Cr. No. 10-00203-001 (WHW) |
| RICHARD LEBLANCA | : | Cr. No. 10-00276-001 (WHW) |
| ORLANDO GARCIA | : | Cr. No. 10-00288-001 (WHW) |
| ALAN BANNOUT | : | Cr. No. 10-00309-001 (WHW) |
| GABRIEL VARGAS | : | Cr. No. 10-00355-001 (WHW) |
| LUIS MORALES | : | Cr. No. 10-00367-001 (WHW) |

All defendants in the above-captioned cases having been convicted of conspiring to commit the armed robbery of a warehouse containing perfume located in Carlstadt, New Jersey, in violation of Title 18, United States Code, Section 1951; and defendants Danny Bannout, Alan Bannout, Anselmo Jimenes and Gabriel Vargas only, also having been convicted of participating in the transportation of stolen merchandise following the burglary of storage units in North Brunswick, New Jersey or of conspiring to commit this offense, in violation of Title 18, United States Code, Sections 371 and 2314; and the Court having determined that the defendants shall make restitution to the victims of their offenses pursuant to Title 18, United States Code, Section 3663A; and the Court having read the submissions of the parties; and the Court having held a consolidated restitution hearing for these defendants on November 9, 2011 to determine the amount of restitution owed by these defendants; and for the reasons set forth on the record on November 9, 2011; and for good cause shown,

IT IS on this 21st day of November, 2011,

**Restitution Owed to Victims of the Carlstadt Warehouse Robbery**

ORDERED, that all of the defendants in the above-captioned cases are jointly and severally liable and shall make restitution to the victims of the robbery of the perfume warehouse located in Carlstadt, New Jersey in the total amount of $541,152.02. Payments should be made payable to the U.S. Treasury and mailed to Clerk, U.S.D.C., 401 East State Street,

Rm. 2020, Trenton, New Jersey 08608, for proportionate distribution to the following victims in the following amounts:

| Name of Payee (victim): | Amount of Restitution |
|---|---|
| Sahar USA, Inc. | $446,439.14 |
| Hartford Insurance Company | $94,712.88 |

It is further ORDERED that pursuant to Title 18, United States Code, Section 3664(j)(1), if Sahar USA, Inc.'s insurance carrier, the Hanover Insurance Group, reimburses Sahar USA, Inc. for any of the loss that it suffered as a result of the robbery of its warehouse, then the amount of restitution to Sahar USA, Inc. shall be reduced by the amount that it receives from the Hanover Insurance Group, and, consequently, the amount paid by Hanover Insurance Group to Sahar USA, Inc. shall be due as restitution in this matter to the Hanover Insurance Group.

It is further ORDERED that the amounts ordered represent the total amounts due to the victims for these losses. The amounts shall be payable without interest. A defendant's restitution obligation shall not be affected by any restitution payments made by the other defendants in these cases, except that no further payments shall be required after the sums of the amounts actually paid by all defendants has fully satisfied these losses.

**Restitution Owed to the Victim of the North Brunswick Burglary**

It is further ORDERED that only defendants Danny Bannout, Cr. 10-00366-002 (WHW), Alan Bannout, Cr. 10-00309-001 (WHW), Anselmo Jimenes, Cr. No. 10-00366-003 (WHW) and Gabriel Vargas, 10-00355-001 (WHW) are jointly and severally liable and shall make restitution to Valley Forge Insurance Company, the victim of the burglary of the storage units in North Brunswick, in the total amount of $215,899. Payments should be made payable to the U.S. Treasury and mailed to Clerk, U.S.D.C., 401 East State Street, Rm. 2020, Trenton, New Jersey 08608, for distribution to Valley Forge Insurance Company.

It is further ORDERED that the amount ordered represents the total amount due to the victim for this loss. The amount shall be payable without interest. A defendant's restitution obligation shall not be affected by any restitution payments made by other defendants in these cases, except that no further payments shall be required after the sums of the amounts actually paid by all defendants has fully satisfied these losses.

**Payment of The Ordered Restitution Amounts**

It is further ORDERED that the above-ordered restitution amounts are due immediately and shall be made in monthly installments as further ordered below, to commence 30 days after the date of the amended Judgment.

It is further ORDERED that payment of restitution is due during imprisonment. All restitution payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the Court. During imprisonment, a defendant's monthly monetary payment shall be $25 once every three months.

It if further ORDERED that payment of restitution after a defendant has been released from imprisonment shall be $200 per month to begin within 30 days of release.

**Judgment**

It if further ORDERED that the respective Judgments of conviction of the above-named defendants shall be and hereby are amended to incorporate this Order of Restitution.

_____
HONORABLE WILLIAM H. WALLS
United States District Judge

3